[No. 19088. Department One. — March 23, 1893.]

JOSEPH COYNE, Appellant, *v.* GILBERT RENNIE, Respondent.

Municipal Corporations — Charter of San Diego — Reduction of Salary of Chief of Police — Power of Common Council. — The freeholders' charter of the city of San Diego, adopted in May, 1889, which, after fixing the salaries to be paid to the chief of police and other city officers, provides that "the common council, in the month of January, 1891, and every four years thereafter, shall readjust and fix anew the amount of all official salaries provided for in this charter," is to be construed as if it was a direct provision that the salaries of the city officials shall be fixed in the month of January, 1891, and every four years thereafter, but that until so fixed they shall be at the amounts specified therein; and a reduction, by the common council, of the salary of the chief of police, made in the month of January, 1891, is not an amendment of the charter, but is merely the execution of the power conferred upon the council by the charter itself.

Id. — Acceptance of Reduced Salary — Demand for Additional Salary after Expiration of Term — Mandamus. — Where the chief of police of the city of San Diego, after his salary was reduced by the common council, voluntarily continued to hold the office and accepted the reduced salary until the expiration of his term, his demand upon the auditor for additional salary, made eight months after the term had expired, was properly refused, and a demurrer to his petition for a writ of mandate to compel payment thereof was properly sustained.

Id. — MUNICIPAL OFFICERS — POWER OF RESIGNATION — CONTRACTUAL RELATION — REDUCTION OF SALARY DURING TERM. — The mere appointment or election of a municipal officer for a specified time and salary creates no contractual relation, where such officer is at liberty to resign whenever he may elect to do so; and although his term and salary may be named in the charter, yet there is no contract for a stipulated time and price that is binding on the public, and a municipal officer, after the reduction of his salary during his term, is not bound to hold the office or perform the duties thereof.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Parrish, Mossholder & Lewis,* for Appellant.

The provision in chapter 9 of the charter under which the ordinance was passed is in conflict with section 8 of article XI. of the constitution, and is therefore void, and therefore the ordinance is void. The constitution having prescribed the mode, that mode was the measure of power. (*People* v. *Gunn,* 85 Cal. 247; Cooley's Constitutional Limitations, 78; *State* v. *Rogers,* 10 Nev. 253; 21 Am. Rep. 738; *People* v. *Toal,* 85 Cal. 340; *Yarnell* v. *City of Los Angeles,* 87 Cal. 606; *Ex parte Ah You,* 82 Cal. 342; *People* v. *Bagley,* 85 Cal. 348.)

*William H. Fuller,* for Respondent.

There is no contractual relation between the chief of police and the city, even though the term and salary are named in the charter. (*Love* v. *Jersey City,* 40 N. J. L. 458.) These provisions in the charter not being in the nature of a contract, the city had power to diminish the salary therein provided for. (1 Dillon on Municipal Corporations, sec. 231; *Love* v. *Jersey City,* 40 N. J. L. 458; *Cohen* v. *Wright,* 22 Cal. 320; *Commonwealth* v. *Bacon,* 6 Serg. & R. 322; *Conner* v. *City of New York,* 5 N. Y. 295; *Smith* v. *City of New York,* 37 N. Y. 520; *Long* v. *City of New York,* 81 N. Y. 425; *Haswell* v. *City of New York,* 81 N. Y. 255; *Koontz* v. *Franklin Co.,* 76 Pa. St. 154; *Jones* v. *Shaw,* 15 Tex. 577; *Pennie* v.

*Reis,* 132 U. S. 465; *Crenshaw* v. *United States,* 134 U. S. 99; *Butler* v. *Pennsylvania,* 10 How. 402.)

The COURT. — This is a proceeding for a writ of mandate to the respondent in his official character as auditor of the city of San Diego, commanding him to issue his warrant for an unpaid portion of plaintiff's salary as chief of police. The respondent demurred to the petition for the writ. The court sustained the demurrer, and dismissed the proceeding. Plaintiff brings this appeal from the judgment of dismissal, and contends that the court erred in sustaining the demurrer.

The petition shows that since May, 1889, the city of San Diego has been a municipal corporation by virtue of a charter generally known as a "freeholders' charter"; that from the date of the organization of the corporation until June 1, 1891, the petitioner held the office of chief of police; that by section 1 of chapter 9, article 3, of the city charter, the salary of the chief of police was fixed at eighteen hundred dollars per annum; that for the last four months of his official term, viz., February, March, April, and May, 1891, petitioner had been paid for salary only one hundred dollars per month, by reason of an ordinance of the city adopted January 31, 1891, by which the salary of chief of police was reduced to twelve hundred dollars per annum; and that after the expiration of his term of office, to wit, on February 24, 1892, the petitioner demanded of the auditor warrants upon the treasurer of the city for the unpaid portions of his salary for said four months, amounting to two hundred dollars, which the auditor (respondent) refused to issue, for the alleged reason that the salary of the chief of police had been reduced, as aforesaid, by ordinance.

Section 1 of chapter 9, article 3, of the charter of San Diego, after fixing the salaries to be paid to certain city officers, including the chief of police, provides: "The common council, in the month of January, 1891, and every four years thereafter, shall readjust and fix

anew the amount of all official salaries provided for in
this charter."

It is contended by appellant that notwithstanding
this provision in the charter, the city had no power to
reduce his salary, inasmuch as such reduction would be
equivalent to an amendment of that clause in the char-
ter fixing his salary; and under the provisions of section
8, article XI., of the constitution, the charter can be
amended only upon the vote of electors of the city, and
the approval of the legislature. The vice of this argu-
ment, however, rests in the assumption that the reduc-
tion of the salaries is an amendment of the charter.
Instead thereof it is the execution of a power conferred
upon the common council by the charter itself, and is
within the direct lines of the authority conferred by the
people in the adoption of that instrument, as much as
would be the redistricting of the city into wards in the
year 1892, and every five years thereafter, which is au-
thorized in section 12 of chapter 2, article 1, of the
same charter. The section is to be construed as if it
was a direct provision that the salaries of the city offi-
cials shall be fixed in the month of January, 1891, and
every four years thereafter, but that until so fixed they
shall be at the amounts specified therein.

It is well settled that the mere appointment or elec-
tion of a municipal officer for a specified time and salary
creates no contractual relation, if such officer is at lib-
erty to resign whenever he may elect to do so. "Neither
acts of the legislature nor ordinances of city councils or
boards naming terms and salaries are in the nature of
contracts with officers. Although the term and salary
may be named in the charter, yet there is no contract
for a stipulated time or price that is binding on the
public." (*Love* v. *Jersey City*, 40 N. J. L. 458; Dillon
on Municipal Corporations, secs. 231, 265.) The appel-
lant was not bound to hold the office, or to perform the
duties thereof; and after the salary was reduced, having
voluntarily held the office and accepted the reduced sal-

ary until the expiration of his term, his demand upon the auditor for additional salary, made eight months afterwards, was properly refused.

The judgment is affirmed.

Hearing in Bank denied.