[No. 925. Decided January 31, 1894.]

FRED T. TAYLOR, *Appellant*, v. THE CITY OF TACOMA,
*Respondent*.

MUNICIPAL CORPORATIONS — FREEHOLDERS' CHARTER — DELEGA-
TION OF POWER — SALARIES OF OFFICERS.

Under the act of March 24, 1890, delegating to cities of twenty
thousand or more inhabitants the power to frame a charter for
their government, the salary of elective officers must be provided
for in the charter itself, and cannot be re-delegated by the charter
framers to the legislative bodies of such cities.

Sec. 216 of the freeholders' charter of Tacoma (1890) providing
that "all the officers of the city  .  .  .  shall receive in full com-
pensation for all services of every kind whatsoever rendered by
them the amount of salaries that may be fixed by ordinance,·  .  .  .
but in no case shall said salaries exceed the following amounts:
.  .  .  City controller, $4,000 per annum," is an attempted dele-
gation by the charter framers of the power of fixing salaries, and
an ordinance passed in pursuance thereof is *ultra vires,* under the
provisions of §6, Laws 1889–90, p. 223.

*Appeal from Superior Court, Pierce County.*

*S. C. Milligan,* and *J. S. Whitehouse,* for appellant.

*F. H. Murray,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellant sued the city of Tacoma for
a balance of salary alleged to be due him as city con-
troller.   At the time of his election, in November, 1890,
no salary was attached to his office, but on December 4,
1890, the city council passed an ordinance fixing his salary
at $3,000 per annum, payable monthly, and providing that
said ordinance should take effect from and after the 4th
day of November; 1890.   Subsequently, and on the 5th
day of February, 1891, the city council passed another
ordinance in which the salary of the city controller was

fixed at $2,400 per annum, payable monthly. The appellant received pay at the rate of $3,000 per annum up to the 5th day of February, 1891, and from that time until the end of his term, on April 19, 1892, he received a salary at the rate of $2,400 per annum. He now seeks to recover the difference between what he actually received and what he would have received at the rate of $4,000 per annum, which he claims was the amount of his annual salary as prescribed in the charter; or, if he is not entitled to that sum, then he demands judgment for the difference between the amount received by him and the amount he would have received at the rate of $3,000 per annum, the sum specified in said ordinance of December 4, 1890.

The cause was tried before the court without a jury, and upon the evidence adduced the court concluded — (1) That no salary was fixed in the charter; and (2) that the salary ordinances heretofore mentioned were ineffectual and void. The action was accordingly dismissed at the cost of the plaintiff. The appellant alleges that the court was in error upon both of the above propositions, and therefore asks a reversal of the judgment upon that ground.

At the time of the appellant's election, the city of Tacoma was operating under a charter prepared and adopted under and by virtue of an act of the legislature for the government of cities of twenty thousand or more inhabitants, approved March 24, 1890. To all cities organized under that act certain defined powers and privileges are granted which are required to be set forth in their charters. Among the powers thus granted is that of fixing the compensation of elective officers, including the city controller. Concerning that question the enabling act reads as follows:

"The legislative powers of any city organized under the provisions of this act shall be vested in a mayor and a city council, to consist of such number of members and to have

such powers as may be provided for in its charter, who, together with such other elective officers as may be provided for in such charter, shall be elected at the times, in such manner and for such terms, and shall perform such duties and receive such compensation, as may be prescribed in such charter." See Laws 1889–90, p. 223, § 6.

From the foregoing provisions of the statute it seems evident that it was the intention of the legislature to delegate the power under consideration to the framers of the city charter, and to no other persons or body whatever. That it was competent for the legislature to do so we have no doubt. It, therefore, follows that if the city charter fails to prescribe the amount of compensation to be paid the city controller, then no salary has ever been attached to his office, for the simple reason that the freeholders who framed the city charter had no power or authority to delegate any of the duties imposed upon them to the city council.

It is contended on behalf of the appellant that by the terms and provisions of the charter his compensation was fixed at $4,000 per annum, and if that be true, the judgment of the court below was wrong, and must be reversed. On the other hand, it is claimed on behalf of the city that no compensation was attempted to be fixed or prescribed in the city charter, but that, at most, the framers of said charter simply undertook to delegate the power of fixing salaries to the city council. In order to determine this controverted question, and it is the vital question in the case, it becomes necessary to examine the provisions of the charter upon that subject. Sec. 216 of that instrument provides as follows:

"All the officers of the city, except as otherwise provided, shall receive in full compensation for all services of every kind whatsoever rendered by them, the amount of salaries that may be fixed by ordinance payable in city warrants at the end of each calendar month, but in no case

shall said salaries exceed the following amounts:    .  .  .
City controller, $4,000 per annum."

To our minds it seems plain that the charter committee
did not intend or undertake to fix the appellant's salary,
but only undertook to limit the power of the city council
as to the amount to be designated by it.    And this being
so, and the city council having no right or authority to es-
tablish, by ordinance or otherwise, the compensation to be
received by appellant, it follows that there was no error
committed by the court below in dismissing the action;
and the judgment is, therefore, affirmed.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.

HOYT, J., dissents.