[Sac. No. 182.   Department One.—September 25, 1897.]

## COUNTY OF TULARE, Respondent, v. E. M. JEFFERDS, as Auditor, etc., Appellant.

COUNTY GOVERNMENT ACT—COMPENSATION OF SUPERVISORS HOLDING OFFICE AT PASSAGE OF ACT OF 1893.—Under section 204 of the County Government Act of 1893 (Stats. 1893, p. 512) the compensation of supervisors in counties of the eleventh class, who were holding office at the date of its passage, was not affected thereby, but their compensation is regulated by the County Government Act of 1891.

APPEAL from a judgment of the Superior Court of Tulare County.   W. W. Cross, Judge.

The facts are stated in the opinion of the court.

Lamberson & Middlecoff, for Appellant.

F. B. Howard, and T. E. Clark, for Respondent.

HARRISON, J.—By the County Government Act of 1891 the compensation of each supervisor in counties of the eleventh class is fixed at "six dollars per day for actual service, and forty cents per mile while traveling from his place of residence to the county seat; provided that no more than one mileage in any one monthly term shall be allowed." (Stats. 1891, p. 352.) Each supervisor was also ex officio road commissioner, and was entitled to receive for his services as road commissioner "twenty cents per mile one way for all distances actually traveled by him in the performance of his duties, provided that he shall not in any one year receive more than three hundred dollars." (Stats. 1891, p. 476.) By the County Government Act of 1893 the compensation of officers in this class of counties was declared as follows (Stats. 1893, p. 416):

"15. Supervisors, eighteen hundred dollars per annum for all services required of them as supervisors and road commissioners. The provisions of this subdivision shall take effect January 1, 1895."

Tulare county is a county of the eleventh class, and the defendants Henderson, Twaddle, and Gilliam were elected supervisors at the general election in 1892 for the term of four

years from and after the Monday succeeding the first day of January, A. D. 1893. After the passage of the above act of 1893 they claimed that they were entitled to the salaries fixed by that act, and the defendant Jefferds, as auditor of the county, drew his warrant upon the treasury in accordance with that claim. The present action was to restrain him from drawing his warrants in this form, or drawing any warrant for compensation for their services on the basis of any annual compensation, or otherwise than as provided by the act of 1891. Judgment was rendered in favor of the plaintiff as prayed for, and the defendants have appealed.

It cannot be determined in advance whether the compensation provided for supervisors by the act of 1893 is greater or less than that provided by the act in force at the time of their election. If the effect of this provision would be to increase their compensation, it is in violation of section 9, article XI, of the constitution, and it may be assumed from the fact that the supervisors claim their compensation under the act of 1893, rather than under the act of 1891, that in their opinion their compensation has not been reduced. If no other consideration controlled, the practical solution of the question would be for the auditor to draw his warrants in accordance with the act of 1891. In this way both parties would be protected. There would be no overpayment by the county, and the supervisors would receive all the compensation which under the constitution they would be entitled to receive. The legislature, however, seemed to have anticipated the question by the following provision in section 234 of the act of 1893 (Stats. 1893, p. 512): "The provisions of this act, unless otherwise herein provided, so far as it relates to the compensation and salaries of all officers named, shall not affect the present incumbents." As it is not "otherwise herein provided," and as the defendant supervisors were "incumbents" at the passage of the act, we have an express declaration by the legislature that the change in compensation is not applicable to them. The latter sentence in subdivision 15 of section 173 must be held applicable to only such officers as might be elected after the passage of the act.

The judgment is affirmed.

Van Fleet, J., and Beatty, C. J., concurred.