[Sac. No. 708. Department Two.—November ·10, 1900.]

S. L. N. ELLIS, Respondent, v. E. M. JEFFERDS, Auditor of Tulare County, Appellant.

PUBLIC OFFICER—SUPERVISOR'S SALARY—COUNTY OF ELEVENTH CLASS—COUNTY GOVERNMENT ACTS OF 1893 AND 1897.—A supervisor of a county of the eleventh class, who was elected under the County Government Act of 1893, under which his salary was fixed at the sum of eighteen hundred dollars per annum, and who was in office at the time of the enactment of the County Government Act of 1897, under which his county became one of the thirteenth class and by which the salary of supervisors was fixed at one thousand dollars per annum, continues to be entitled, under section 233 of the latter act, to the salary provided by the act of 1893; and the fact that since the passage of the latter act he had received warrants only for the amount of the salary therein provided, upon the refusal of the auditor to issue them for the amount provided by the act of 1893, does not estop him from demanding the balance.

APPEAL from a judgment of the Superior Court of Tulare County and from an order refusing a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion.

J. A. Allen, and George G. Murry, for Appellant.

William W. Cross, T. E. Clark, and F. B. Howard, for Respondent.

SMITH, C.—The case is an application for a writ of *mandamus* to the auditor of Tulare county, requiring him to issue to the plaintiff a warrant for the sum of eleven hundred and thirty-three and one-third dollars, the balance due on account of salary as supervisor and road commissioner for the period commencing with the first Monday in June, 1897, and ending with the first Monday in November, 1898.

The plaintiff was elected under the County Government Act of 1893; under which, as supervisor of a county of the eleventh class, his salary was fixed at the sum of eighteen hundred dollars per annum. (Stats. 1893, sec. 173, p. 416.) But pending

his term the County Government Act of 1897 was enacted, under which Tulare became a county of the thirteenth class, and the salary for supervisors was fixed at one thousand dollars per annum. (Stats. 1897, sec. 170, p. 522.) The case—in the view I take of it—turns upon two questions, namely: Do the provisions of the latter act as to salary apply to the plaintiff's case? If not, is he estopped by his receipt of part of what was due him from demanding the balance?

1. With regard to the latter question the court in effect found that plaintiff received his warrants under an agreement with the defendant that the same were not in full settlement of plaintiff's salary, but on account, etc. It is claimed that the evidence is insufficient to justify this finding; but the question I regard as immaterial. The plaintiff repeatedly demanded warrants for the full amounts due him, and the defendant refused to issue warrants for greater amounts than eighty-three and one-third dollars. It was the duty of the auditor to draw his warrant for the amount due the plaintiff, and, if he was entitled to the salary prescribed by the act of 1893, the issue of warrants by the auditor for part of what was due was only a partial performance of his duty, and did not exonerate him from further obedience to the law. The agreement or understanding of the parties, as to whether the payment was in full or on account, was altogether immaterial. A somewhat similar question is decided in *Whiting v. Plumas Co.*, 64 Cal. 66. The cases cited by the appellant's counsel have no application. In *Cooley v. Calaveras County*, 121 Cal. 482, there had been a settlement of a claim against the county between the plaintiff and the board of supervisors, which it was held was conclusive on the parties, though made under a mistake of law. The decision goes at least as far as the law can well go (Civ. Code, sec. 1578, subd. 1), but it does not extend to a transaction between a creditor of the county and the auditor; whose functions are different from those of the supervisors with reference to claims against the county. The case of *Coyne v. Rennie*, 97 Cal. 590, was also a different case. There the question was simply as to the validity of an ordinance reducing the plaintiff's salary, and it was held the ordinance was valid.

2. The other question involved presents no difficulty. By section 233 of the act of 1897 it is expressly provided that "the provisions of sections 158 to 214, inclusive, of this act, so far as they change the compensation of any officer therein named, heretofore paid a fixed salary, etc., and not fees or per diem, shall not affect incumbents unless otherwise provided in any of said sections." (Stats. 1897, p. 577.) This includes section 170, at the end of which is the provision: "This section shall take effect immediately" (page 523); which it is claimed withdraws the officers named in the section from the operation of section 233. But this contention cannot be sustained. The two sections must be read together, and when so read their meaning is clear. By the provision at the end of section 170—if constitutional—that section went into effect immediately, but under section 233 the case of officers receiving fixed salaries was not affected. (*McCabe v. Jefferds*, 122 Cal. 302; *County of Tulare v. Jefferds*, 118 Cal. 361; *Cody v. Murphey*, 89 Cal. 522; *People v. Henshaw*, 76 Cal. 436.)

The judgment and order appealed from should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinon the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.