[Civ. No. 467.   Second Appellate District.—April 3, 1908.]

PERCIVAL E. WOODS, Appellant, v. DANIEL POTTER, Auditor of City of San Diego, etc., Respondent.

MUNICIPAL CHARTER OF SAN DIEGO—MEMBERS OF COMMON COUNCIL NOT ENTITLED TO COMPENSATION.—Under the municipal charter of the city of San Diego, the members of the common council are not entitled to receive any compensation; and an ordinance passed by them over the mayor's veto purporting to vote salaries to themselves is ineffective.

ID.—PRESUMPTION FROM SILENCE OF CHARTER—CONTEMPORANEOUS CONSTRUCTION.—The presumption arising from the silence of the charter as to compensation of members of the council is strengthened by the rule of contemporaneous construction, and the presumption from eighteen years' acquiescence that it was not intended by the makers of the charter that the members of the common council should have any compensation for services.

ID.—TRUST POSITION OF MEMBERS OF COUNCIL.—The members of the council occupy a trust position under the charter, and cannot claim compensation not allowed by the charter nor by any legislative act.

ID.—REDUCTION OF MEMBERSHIP.—An amendment of the charter reducing the number of the members of the council from twenty-seven to nine members, without any change in the provision of the charter on the subject of compensation of such members, cannot affect the intention of the makers of the charter on that subject as originally expressed therein.

Id.—Writ of Mandate not Allowable—Change of Compensation During Office—Claim not Presented—Cause of Action not Stated.—A writ of mandate cannot be allowed to enforce compensation allowed during a term of office of members of the council which did not before exist; and the petition therefor does not state a cause of action upon a claim for such compensation not established by the terms of the charter, against the county auditor, where no claim therefor is shown to have been first presented to the auditing committee and passed upon by them, as required by the charter.

APPEAL from a judgment of the Superior Court of San Diego County. Benjamin F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

A. A. Haines, and Haines & Haines, for Appellant.

George Puterbaugh, City Attorney, for Respondent.

TAGGART, J.—Appeal from a judgment denying a writ of mandate to compel the issuance of a salary warrant.

Defendant is auditor of the city of San Diego, and plaintiff was elected a member of the common council of that city at an election held April 2, 1907, the term of his office to commence May 6, 1907. The claim of plaintiff to salary is based upon Ordinance No. 2814 of the city of San Diego, passed and adopted by the common council by a two-thirds vote after its disapproval by the mayor of the city. The ordinance was originally passed February 25th, disapproved by the mayor March 7th, and adopted by a two-thirds vote of the council on April 3, 1907, one day after the election of plaintiff, and by its terms was to take effect and be in force from and after May 6, 1907.

The freeholders' charter under which the city of San Diego is organized took effect the first Monday in May, 1889 (Stats. 1889, pp. 643-729). It contains provisions relating to the compensation of all the charter officers of the city, except the members of the common council, as to whom the charter is silent. Ten officers are given fixed annual salaries, the salaries of two and the deputies of one are to be fixed by the common council, and the members of five boards are to serve without compensation.

The right to create the salary in question is assumed to depend upon an exercise of a power vested in the common council by either one or both of two clauses of the charter, to wit: Subdivision 38 of section 1 of chapter II of article II, which reads: "To make rules and regulations for the government of all servants, employees, officers, and departments, and to fix the fees and charges for all official services, and to fix salaries and wages not otherwise provided by general laws or by this charter"; or a clause in section 1, chapter IX of article III, which reads: "The annual salaries of the officers and the compensation of the employees of the city shall be as follows: [Salary for mayor and other officers as to whom the amount to be received is fixed.] And all other officers and employees as may be fixed by the Common Council, and all salaries shall be payable monthly."

The petition alleges that prior to the passage of Ordinance No. 2814 (from 1889 to 1907) "there has been no exercise of power by the Common Council, of said city, for or against providing, fixing or establishing any salary, or compensation, for members of said Common Council." From this allegation it clearly appears that prior to the passage of Ordinance No. 2814 there was not only no salary fixed which could be increased, but there was no salary or compensation attached to the office at all. The presumption arising from the absence of express authorization of compensation by the charter is strengthened by the rule of contemporaneous construction, and, the presumption from eighteen years' acquiescence, that it was not intended by the makers of the charter that the members of the common council should have any compensation for services. It further appears that, in 1905, by an amendment of the charter the number of members of the council was changed from twenty-seven to nine, but no change was made in the provisions of the charter relating to official salaries. This failure is significant, as this omission should have been supplied by an amendment to the charter. The propriety of this is apparent, when it is observed that the general clause under which the present ordinance is justified places the authority to create and fix such salaries in the hands of that body itself. The intention of the makers of the charter, as expressed by the original charter, cannot be affected by the mere reduction in the number of members of the council by the amendment of 1905.

To meet the effect of the clause in the charter requiring that "all official salaries provided for in this charter" shall be readjusted and fixed anew in the month of January, 1891, and every four years thereafter, appellant contends that as this is the first and original fixing of his compensation, and not a readjustment, or fixing again, or anew, this clause has no application. If we accept this argument as having any weight, then it logically follows that the common council would (the first time) have the power to fix their compensation at any amount they desired, and the members of the council so fixing such salary might thereby become the recipients of their own bounty bestowed without limitation from the public treasury. The same line of reasoning is used in meeting respondent's claim that the ordinance is in violation of section 9 of article XI of the constitution.

None of the cases cited by appellant to support this view consider the question whether or not the power which creates the office should also determine the right of the officer to compensation. In none was it held or contended that a subordinate body was authorized to create a salary for an office which owed its existence to a superior authority, nor do we think such authority could be implied. The two clauses of the charter relied upon here as granting the power relate generally to servants and employees, as well as officers of the corporation. The salary of no other charter officer of the city is dependent upon the existence of this power. The use of the word "officer" in the sense in which it is used in these clauses, or either of them, does not necessarily imply that a charter officer is intended. (*Patton* v. *Board of Health,* 127 Cal. 395, [78 Am. St. Rep. 66, 59 Pac. 702].)

Members of city councils occupy a position of trust, and are bound to the same measure of good faith toward their constituents that a trustee is to his *cestui que trust.* (*Andrews* v. *Pratt,* 44 Cal. 309.) The mere fact that a member of such a body acts as such in connection with any matter in which he is interested vitiates the transaction. (*Finch* v. *Riverside,* 87 Cal. 597, [25 Pac. 765].) It will be presumed that under such circumstances self-interest prevents the individual member from protecting the rights of the public against his own. (*Capital Gas Co.* v. *Young,* 109 Cal. 140, [41 Pac. 869].) The charter here in question prohibits members of the common council from being directly or indirectly

interested in contracts whereby they may receive any money or profit from their own action taken in behalf of the city.

No contractual relations arise between an officer and the state by reason of the election or appointment of the former; there is no implied obligation to pay him for his services rendered. To recover he must show a right by law to compensation. (Abbott on Municipal Corporations, sec. 685; *Irwin* v. *Yuba Co.*, 119 Cal. 686, [52 Pac. 35].) If the act authorizing the making of the city charter provides that the latter shall fix the compensation of the officers of a city, a provision in the charter fixing a maximum will not authorize the council to fix such a salary even within such maximum. (*Taylor* v. *City of Tacoma*, 8 Wash. 174, [35 Pac. 584].) If the officer is not satisfied with the compensation, he is not bound to hold the office or perform the duties thereof. (*Coyne* v. *Rennie*, 97 Cal. 593, [32 Pac. 578].)

In order, then, that a charter officer shall be entitled to compensation for his services, the burden is upon him to show that either the charter which created the office, or the legislative or constitutional authority under which the charter was framed, attached to that office the right to receive pay for his services. Such showing has not been made here. The power to "make rules and regulations for the government of all servants, etc., . . . and to fix salaries and wages not otherwise provided by general law or by this charter," or the recital that "all other officers and employees as may be fixed by the Common Council," cannot be held to be a sufficient showing for this purpose. We have not overlooked the fact that in the section relating to official bonds there appears the clause, "all *salaried* officers of this city, other than the Mayor and members of the Common Council, must," etc. Conceding that in the interpretation of a charter containing an ambiguous statement as to the right of the members of the city council to a salary this clause might be considered in determining the intentions of the charter makers, it can have no application where the charter is devoid of any authorization whatever. Our conclusion in this regard rests upon the fact that it nowhere appears that the charter makers intended that the members of the common council should be compensated for their services.

While this view disposes of the case, there are other reasons which appear to us to justify the trial court in denying

the writ asked for. The question of increase of compensation has been presented by both parties as if the time of the change or increase should be determined by the date of the passage of the ordinance. Our own supreme court has expressly said that the test of the time of increase is, "When did the law take effect?" (*Harrison* v. *Colgan,* 148 Cal. 76, [82 Pac. 674].) Those cases which construe constitutional inhibitions against an increase of salary similar to section 9 of article XI, upon the theory that its purpose is solely to prevent the possibility of an officer using his official position to obtain an increase of compensation after his election or his term begins, are distinguished by the opinion of the court in that case. The constitutional provision, it is said, was intended as well to avoid and prevent the abuses which may arise by reason of arrangements between candidates who are reasonably assured of election or appointment and the legislative power, if such arrangements be made to take effect after the election of such candidates, regardless of the time of the enactment. The date of the increase in this case, according to this rule, was May 6, 1907, and the discussions as to when the ordinance was enacted become unimportant.

If we were to accept the view of petitioner that he was entitled to receive a salary which was not fixed or expressly provided for by the charter, such a claim against the city would have to be presented to and allowed by the auditing committee of the city before a warrant for it could issue. (Secs. 1, 2, c. II, art. VI.) Only monthly salaries *fixed by the charter* are excepted from the rule provided in these sections. The complaint does not allege any such presentation and allowance, or rejection, and therefore, upon that theory, does not state a cause of action.

Judgment affirmed.

Shaw, J., and Allen, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1908, Beatty, C. J., dissenting.