# IN THE MATTER OF THE APPLICATION OF MACARIO SALUDES FOR AN ALTERNATIVE WRIT OF MANDAMUS.

## No. 2269.

ARGUED JANUARY 18, 1937.                    DECIDED JANUARY 25, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The appellant Macario Saludes was a material witness for the government in the case of the Territory of Hawaii v. Manuel Nagon and Urbano Nagon charged with the crime of manslaughter pending before the district magistrate of Hanalei, County of Kauai, in December, 1934. Upon a hearing had the defendants were committed by the district magistrate to the circuit court of the fifth judicial circuit for trial and upon motion of the prosecuting officer, namely, the county attorney of the County of Kauai, appellant was ordered into the custody of the sheriff of the County of Kauai to be held under a bond of $500 to appear as a witness at the trial of the defendants thereafter to be had in the circuit court. Appellant apparently was unable to furnish the required bond and was therefore incarcerated in the county jail for a period of approximately five months, at the expiration of which time the trial of the defendants in the manslaughter case was concluded and appellant was released.

In August, 1935, the board of supervisors of the County of Kauai, by resolution duly adopted, appropriated the sum of $50 for the purpose of compensating appellant for the loss of time, earnings, etc., sustained by him because of his imprisonment. Thereupon appellant made demand on K. M. Ahana, auditor of the county, for the issuance of a county warrant for the sum of $50 so appropriated. The auditor refused to issue a warrant and appellant sued out an alternative writ of mandamus in the circuit court seeking to coerce the auditor's compliance with his demand.

The auditor filed a demurrer to the petition. The demurrer may be summarized and treated as presenting but a single question, namely, was the board of supervisors authorized to appropriate county funds for the purpose of discharging a moral obligation? The circuit judge, in a lengthy opinion, held in effect that no such authority exists unless it be made to appear that the county received a direct or substantial benefit; that there was an entire absence of any such benefit because the prosecution of criminal cases is carried on in the name of the Territory and therefore the Territory and not the local municipality derived whatever benefit resulted from the prosecution of the defendants.

We cannot adopt this view. In a general way the entire population of the Territory is interested in law enforcement, but the people of each county are especially interested in the suppression of crime within the county and are directly concerned in the prosecution of persons charged with criminal offenses committed locally. Indeed the several county attorneys and the county police departments occupy county offices created mainly for the purpose of enforcing the criminal statutes within the several counties of the Territory.

It was held in *Machado* v. *Bal,* 31 Haw. 559, that the board of supervisors of the County of Maui was authorized

to reimburse a county police officer for expenses incurred by him in his defense where he was proceeded against civilly and criminally because of a personal injury inflicted by him upon another in attempting an arrest. Clearly in that case there was no legal liability resting upon the county. The county's obligation was purely moral.

In *In Re Cummins*, 20 Haw. 518, it was held that the territorial legislature was without power to expend public funds raised by taxation by way of gift or gratuity to individuals in the absence at least of a moral obligation to support the appropriation, but in *In Re Mott-Smith*, 29 Haw. 343, this court recognized and approved the validity of an act of the legislature appropriating money to satisfy a claim based upon a moral obligation, the court saying: "It is clearly the law that the legislative branch of the government in appropriating moneys to be paid to individuals is not confined to the payment of debts for which the government is legally liable but may also authorize the payment of debts which, while not recognizable as such or enforceable in a court of law, are founded in equity and conscience and constitute a moral obligation." And as already indicated in *Machado* v. *Bal, supra,* a county board of supervisors enjoys the same right and power.

The general powers, limitations and liabilities of the several counties of the Territory are defined in section 2802, R. L. 1935. Section 2833, R. L. 1935, provides in part that: "The board of supervisors of each county shall have general supervision and control of all the public affairs of the county and the supervision of all subordinate officers, and, without prejudice to the generality of the foregoing powers, shall, except as otherwise provided, have the following specific powers: * * * 3. To authorize and supervise the expenditure of all funds belonging to the county. * * * 13. Subject to the limitations contained in this chapter, to execute all contracts and to do all things necessary

and proper to carry into execution the general powers of the counties."

This court, in the case of the *County of Hawaii* v. *Purdy,* 22 Haw. 272, held that these several statutes conferred upon the board of supervisors exceedingly broad general powers with the specific power and duty of supervising all expenditures of the county. In considering the present case the court below found that "there is no doubt that, through the operation of law, petitioner suffered personal loss and great inconvenience, and did suffer a personal injustice. There is also no doubt that, if the Board of Supervisors of the County of Kauai has the power to make appropriations for the payment of purely moral obligations, the determination as to whether or not, such moral obligation exists rests solely with such Board, and such exercise of discretion would not be reviewable by this court."

Whether the loss, inconvenience and injustice referred to by the circuit judge created a claim legally enforceable against the County of Kauai or against the officers responsible therefor, we are unable to say because of the absence of sufficient facts before us but we do not hesitate to hold that the loss suffered by appellant was not only caused by the officials of the County of Kauai but was for its benefit and created a moral obligation on the part of the municipality to reimburse the appellant and that the board of supervisors of the county was authorized to resort to municipal funds to discharge that obligation as it has endeavored to do in this instance.

The decision of the lower court sustaining the demurrer is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*W. B. Lymer* (also on the briefs) for appellant.

*A. G. Kaulukou* (also on the brief) for appellee.